**In re Robert P. HORGOS, Judge of the Court of Common Pleas, Fifth Judicial District, Allegheny County.**

Court of Judicial Discipline
of Pennsylvania.

Oct. 31, 1995.

Before BURNS, McGINLEY, DONOHUE, CASSEBAUM, MAGARO and MESSA, JJ.

## DECISION REGARDING MOTION TO ACCEPT STIPULATIONS OF FACT AND CONCLUSIONS OF LAW

McGINLEY, Judge.

### Procedural Background

On July 7, 1995, the Judicial Conduct Board filed a Complaint formally charging the Respondent with fourteen Counts of misconduct. The Respondent having been granted an extension of time filed his Omnibus Motion on August 14, 1995. On August 25, 1995, the Board and the Respondent filed a document titled Stipulated Findings of Fact and Conclusion of Law. Pursuant to Court Order, the parties submitted a Joint Motion to this Court requesting the Court to accept the stipulations of fact and conclusions of law. Argument on this Motion was set for and heard on September 12, 1995. At the time of oral argument, the Board made an oral motion to withdraw Counts 1 through 13, conditioned upon the Court's acceptance of the Stipulations. Counsel for the Respondent moved to withdraw its Omnibus Motion without prejudice.

### Discussion

The Board initially sought the imposition of sanctions by this Court by a Complaint alleging two separate bases. The first part of the Complaint alleged that the Respondent had violated Canon 5 D of the Code of Judicial Conduct by acting as the Executor of the Estate of Decedent James Donatelli. Canon 5 D provides generally that judges should not act as estate executors, absent a close familial relationship with the decedent.

The second part of the Complaint charged the Respondent with violating Supreme Court Order No. 47 of 1984, which mandates that judges shall file annual Statements of Financial Interest with the Supreme Court. The Board alleged in this part of the Complaint that the Respondent violated Section 17(b) of the Constitution which provides that judges shall not violate any canons nor engage in unlawful activities, because his Statement of Financial Interest did not reveal the fact that he received income as executor and did not fully and accurately reveal the amount of the gift he received as a bequest from the estate.

█ With regard to the Board's Motion to withdraw Counts 1 through 13, this Court notes that the stipulated findings of fact do not specifically support the Board's decision to withdraw Counts 1 through 7, relating to the Respondent's decision to act as executor in apparent derogation of Canon 5 D. Canon 5 D does provide that a judge may act as estate executors if he or she is a member of the decedent's family, which includes persons with whom the judge has maintained a close familial relationship. The stipulated facts do not indicate that the Respondent maintained such a relationship with the decedent. However, the Board's decision not to prosecute those charges is supported by the numerous affidavits filed with the Respondent's Omnibus Motion, which demonstrate a close familial relationship with James Donatelli and his family. Accordingly, this Court accepts the Board's Motion to withdraw Counts 1 through 7.

■ The Court also accepts the Board's Motion to withdraw Counts 8 through 13, because the stipulated facts do not support any conclusion of wrong-doing.

■ The proposed conclusion of law, derived from Count 14 of the Complaint, is that the Respondent is subject to the imposition of sanctions for violating Article V, section 17(b) of the Pennsylvania Constitution, which provides:

> Justices and judges shall not engage in any activity prohibited by law and shall not violate any canon of legal or judicial ethics prescribed by the Supreme Court.

The stipulations of fact that the parties have submitted indicate the following facts. The Respondent, acting as Executor for the Estate of James Donatelli, filed a Petition for Probate and Grant of Letters in the Office of the Register of Wills in Allegheny County on January 3, 1992. On January 3, 1992, the Register of Wills admitted the Will to probate and granted the Letters Testamentary to the Respondent. On April 3, 1992, the Respondent, as Executor, issued a check to himself in the amount of $150,000.00, which he negotiated and deposited into his personal account on or about April 6, 1992. That amount represented an executor's commission of $125,000.00 and a bequest of $25,000.00.

The Respondent, upon learning of an investigation of his activities by the Judicial Inquiry and Review Board, retained new counsel for the estate, and on July 22, 1993 following the new counsel's advice, returned $75,000.00 to the estate.

The Respondent, in filing Statements of Financial Interest for the years 1992 and 1993, as required by Supreme Court Order No. 47, failed to include as a direct or indirect source of income for those years, the commission he received from the estate as Executor. Additionally, in submitting his 1993 Statement, the Respondent, in reporting the bequest he received, indicated only that he received a bequest "valued at over $200.00," even though a specific amount was required by the form.

The Board contends that the stipulated facts support the above conclusion, because the Supreme Court adopted Order No. 47 as a means of furthering the goal of avoiding and preventing conflicts of interest.

The Board proposes far too broad an interpretation of Article V, section 17(b). This Court is bound by the strict language of the Constitution. Section 17(b) does not refer to orders of the Supreme Court, but only to its laws or canons. Order No. 47 is neither a law, nor a canon. There is no suggestion that the Respondent's actions were unlawful. Accordingly, we cannot accept the one conclusion of law submitted by the parties.

Our refusal to accept the proposed conclusion of law should not be construed as approval of the Respondent's conduct in failing to report his executor's commission on the Statement of Financial Interest in accordance with the order of the Supreme Court. The Board is not without remedy in such situations. Art. V., section 18(d)(1) of the Constitution provides:

> A justice, judge or justice of the peace shall be subject to disciplinary action pursuant to this section as follows: (1) A justice, judge or justice of the peace may be suspended, removed from office or otherwise disciplined for ... conduct in violation of a canon or rule prescribed by the Supreme Court.

Although Order No. 47 is not a canon, it does constitute a rule prescribed by the Supreme Court, and the stipulated facts would appear to come within its ambit. In the instant case, the Board's Complaint did not charge the Respondent under this provision. Therefore, due process prevents us from finding any violation on this basis, although it appears to be the more appropriate one.

## Conclusion

In summary, we accept the stipulations of fact. The Court also grants the respective motions made orally by the Board and the Respondent at argument to (1) withdraw Counts 1 through 13 and (2) withdraw the Omnibus Motion without prejudice. However, the Court does not accept the parties' proffered conclusion of law, because the stipulations of fact do not, as a matter of law,

support that conclusion, and therefore (3) dismiss the Complaint of the Board.

## ORDER

AND NOW, this 31st day of October, 1995, it is hereby ORDERED:

1. The Joint Motion requesting this Court to accept the Stipulations of Fact and Conclusion of Law is granted insofar as this Court accepts the Stipulations of Fact, but is denied with regard to the Conclusion of Law;

2. The Judicial Conduct Board's oral motion to withdraw Counts 1 through 13 is granted;

3. The Respondent's oral motion to withdraw his Omnibus Motion without prejudice is granted; and

4. The Complaint is dismissed.

McCLOSKEY, P.J., did not participate in the consideration or disposition of this Decision.